■ In the Matter of LEROY WATERS, Petitioner, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents.— Determination of respondent Department of Correction dismissing petitioner from its employ as a correction officer annulled, on the law, with $25 costs and disbursements to petitioner, and proceeding remitted to the Department of Correction for a new hearing on the charges preferred against petitioner, in accordance with the views herein set forth, and for a determination *de novo*. Petitioner, a prison guard, was dismissed after a hearing held before the respondent Warden, as designated hearing officer, on charges of misconduct. From the extensive record of the hearing we are convinced that there was substantial evidence to support the determination. However, it appears that prior to the hearing the Warden had knowledge of most of the relevant facts, had caused the precipitating incident to be investigated and had caused the charges to be preferred. Further, some time before the hearing petitioner had made a formal request for the designation of a hearing officer other than

the Warden or anyone subordinate to him, which was refused. Although the record of the hearing does not reflect any bias or prejudice on the part of the hearing officer, petitioner was entitled to a hearing that was fair in all respects, to the exclusion of knowledge possessed by the trier of the facts; and the failure to grant him such a hearing deprived him of a right so fundamental and substantial as to invalidate the entire hearing (*Matter of Cross* v. *Pearsall,* 29 A D 2d 553). Cases cited by respondents (*Sharkey* v. *Thurston,* 268 N. Y. 123; *Matter of Kaney* v. *New York State Civil Ser. Comm.,* 190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707) are not to the contrary. They hold merely that where the law vests in a particular officer or administrative agency the sole power of investigation and decision, and no other can hold the hearing, the law's purpose cannot be defeated by disqualification of the designated officer or agency on the ground of alleged prejudgment or bias. In this case, the Commissioner of Correction could have appointed another hearing officer (Correction Law, §§ 5, 9; Civil Service Law, § 75, subd. 2). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.