■ In the Matter of JOHN E. SENGSTACKEN, Petitioner, v. JOHN F. McALEVEY, as Supervisor of the Town of Ramapo, et al., Respondents. — Proceeding pursuant to article 78 of the CPLR to annul respondents' determination which discharged petitioner on October 23, 1967 from his position as Building and Zoning Inspector, after a hearing. Determination annulled, on the law, without costs, and petitioner is reinstated to his position as Building and Zoning Inspector. We find that the evidence adduced was insubstantial and the record does not support the finding of the respondent Town Board that petitioner was guilty of misconduct in office. He cannot be held responsible for strict enforcement of building code requirements where his accountability was hampered by (1) errors of subordinates not of his choosing, (2) weather conditions that rendered strict compliance inadvisable and (3) other circumstances that made it reasonably advisable to waive strict compliance. Moreover, if we were not anulling the determination for the foregoing reasons, we would in any event annul it on the ground that petitioner was denied due process by the fact that the hearing officer who presided over the 54 sessions of the hearing made recommendations which were adopted by the Town Board by a vote of three in favor, one opposed and one absention, with the hearing officer casting the deciding vote. Martuscello, Latham, Shapiro and Gulotta, JJ., concur; Munder, Acting P. J., concurs in the result, with the following memorandum: I agree that the evidence was not sufficient to sustain the determination, but I do not agree that petitioner was denied due process because the officer who presided at the hearing subsequently voted as a member of the Town Board to adopt his own recommendations. Petitioner was appointed to his position of building inspector by the Town Board (Town Law, § 138). "The power to remove is inherent in the power to appoint, except as restricted by statute" (*Sharkey* v. *Thurston*, 268 N. Y. 123, 127). The board, therefore, had the exclusive power to remove him, provided his rights were protected. His position, at the time of the commencement of this proceeding, was included within the competitive class of the Civil Service. Accordingly, his rights in any removal proceeding were governed by section 75 of the Civil Service Law. He was entitled to written notice of and the reasons for the proceeding, a copy of the charges, eight days in which to answer the charges, and a hearing before the Town Board or by its designated hearing officer. The board designated Ned Siner, a Councilman, and therefore a member of the Town Board, to conduct the hearing (Civil Service Law, § 75, subd. 2). There is no restriction upon whom the Town Board may designate. It was empowered to hear the charges itself. That for convenience it delegated the burden to one of its members should not disqualify that member from ultimately voting upon the resolution to remove.