■ In the Matter of ALBIN S. BRZEZINSKI, Respondent, v. EDWIN S. WIATER, as Mayor of the City of North Tonawanda, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: The respondent was appointed a member of the North Tonawanda Civil Service Commission by appellant for a term of six years (Civil Service Law, § 15, subd. 1, par. [a]). Fourteen months later, he was notified by letter from the Mayor that a hearing would be held seeking his removal from office. An itemized list of 11 charges of alleged misconduct was attached to the letter. Upon the return date the Mayor read the charges. Respondent denied the charges and moved that the Mayor disqualify himself from presiding at the hearing. The motion was denied. Appellant refused an invitation to call witnesses or present a defense and the hearing was concluded. The Mayor removed respondent from office. The North Tonawanda Charter contains no provision for the removal of appointive officers and this proceeding is governed by statute. Section 24 of the Civil Service Law provides for the removal of an appointed civil service commission member during his term by the appointing officer, in this case the Mayor, for cause after a hearing or in the alternative for removal by the State Civil Service Commission. Removal must be based upon evidence of cause established at a hearing which is something more than a "'mere form to precede a predetermined removal'" (*People ex rel. Parkwood* v. *Riley,* 232 N. Y. 283, 286; *People ex rel. Mitchel* v. *LaGrange,* 2 App. Div. 444, affd. 151 N. Y. 664). In this case the burden rested upon the Mayor to present specific charges sufficient in their nature to warrant removal and then, unless admitted, to prove them true (*People ex rel. Mayor of City of N. Y.* -v. *Nichols,* 79 N. Y. 582, 588). Several of the charges were matters exclusively within the personal knowledge of the Mayor and since section 24 of the Civil Service Law provides for the alternative of hearings before the State Civil Service Commission, the Mayor should have disqualified himself as presiding officer and referred the hearings to that body (*Matter of McDonald* v. *Department of Mental Hygiene of State of N. Y.,* 34 A D 2d 997; *Matter of Waters* v. *McGinnis,* 29 A D 2d 969). In the event of a new hearing, such a procedure should be followed. (Appeal from judgment of Erie Special Term in article 78 proceeding for reinstatement to position.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Del Vecchio, JJ.