■ In the Matter of CARL BOREK, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: Petitioner's application for public assistance in the form of home relief was denied on the ground that he had not exhausted all possible resources, since he possessed certain musical instruments valued at $1,000 which had not been used as a source of income to defer his need for public assistance. This decision was subsequently affirmed in a determination after fair hearing which petitioner now seeks to review pursuant to CPLR article 78. It is well settled that where a hearing is required, the standard for judicial review is whether the agency's determination is supported by substantial evidence on the record as a whole (see *Matter of Older v Board of Educ.,* 27 NY2d 333; *Matter of Shell Creek Sailing Club v Board of Zoning Appeals of Town of Hempstead,* 20 NY2d 841). In applying this standard, the question is not whether the record would "convince" one of the facts found but rather whether on the record a reasonable man "might" make the finding involved *(Matter of Tompkins v Board of Regents,* 299 NY 469, 474). In the instant case the record indicates that petitioner had not been employed as a musician for 12 years, did not belong to the musician's union, and in the 30-day period prior to his application for assistance had not applied for any employment at which he might use the instruments. Although petitioner did testify at the fair hearing that subsequent to his application he had been hired as a musician by a local night club, this fact alone did not establish that the instruments constituted a viable income-producing asset. In the absence of such proof, respondents' determinations that the instruments were a valuable resource, that they were not used to produce income, and that they could be sold in order to defer petitioner's need for public assistance were supported by the record and may not be disturbed. However, our decision is without prejudice to petitioner's reapplication for assistance. If at such time petitioner can show that these instruments represent a viable potential source of income, their sale should not be required and petitioner would be entitled to a reduced grant in order to supplement whatever income he can earn through the use of the instruments. We have examined petitioner's other assertion of error relating to respondents' alleged failure to investigate fully the use and value of these instruments and find it to be without merit. The record shows that while respondents did not conduct an independent investigation on these issues, the information they used in reaching their conclusions was supplied by petitioner in his application. In such a case reliance upon the representations made by petitioner was proper and the need for a thorough independent investigation obviated. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.