■ In the Matter of THOMAS AIELLO, Petitioner, v LOU V. TEMPERA, as Commissioner of Labor of the County of Suffolk, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Commissioner of Labor which, after a hearing, found petitioner guilty of three specifications of misconduct and dismissed him from his position. Petition granted to the extent that the determination is annulled, on the law, with costs, and the matter is remitted to the Suffolk County Department of Labor for a *de novo* determination by a deputy commissioner, based upon the original hearing record. Petitioner was charged with three specifications of "misconduct-insubordination". Two of the specifications were based upon petitioner's accusations that the labor commissioner had violated Federal and State laws and had committed illegal acts. The third specification was based upon petitioner's accusation that illegal activities and violations of law existed within the department of labor. When asked by the commissioner for specifics as to his accusations, petitioner refused. There followed a hearing which was presided over by an officer of

an unrelated county department. The hearing officer, in his report, reviewed the facts and recommended, without in any way passing upon the validity of petitioner's accusations, that the two specifications involving the alleged misconduct of the commissioner be dismissed. The hearing officer held that it would have been a "futile act" for petitioner to supply specifics to the individual he charged as being the wrongdoer. With respect to the remaining specification, however, the hearing officer found petitioner guilty of "misconduct-insubordination" in refusing to provide specifics as to asserted irregularities within the department and, because of the severity of the charge, the hearing officer recommended dismissal. The commissioner rejected the hearing officer's recommendation with respect to the specifications which related to petitioner's accusations against him, found petitioner guilty of all three specifications and dismissed him. Although we find no fault with the conduct of the hearing, we believe that, as a matter of propriety and because of his personal involvement, the commissioner should have disqualified himself from acting with respect to any of these charges (see *Matter of Waters v McGinnis,* 29 AD2d 969; *Matter of Brzezinski v Wiater,* 46 AD2d 995; cf. *Matter of Sengstacken v McAlevey,* 39 AD2d 965). As was stated in *People ex rel. Hayes v Waldo* (212 NY 156, 173), "It is a general rule that a person shall not sit as a judge in a case where he is interested." Since, under subdivision 2 of section 401 of the County Law an officer of the county may appoint a deputy or deputies to act "during the absence or inability" of the officer to act, there should be a full review of the evidence and recommendation, and a reconsideration of the punishment by a deputy commissioner not heretofore involved in these proceedings or in petitioner's accusations. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.