■ In the Matter of FRIEDA MARTIN, Petitioner, v CHARLES W. BATES, as Commissioner of the Department of Social Services for Westchester County, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Social Services of Westchester County, which, after a hearing, found petitioner guilty of certain misconduct and suspended her for five days without pay. Petition granted, determination annulled, on the law, without costs or disbursements, and the charge against petitioner is dismissed. In our opinion, the determination of the respondent commissioner was arbitrary and capricious and was not supported by substantial evidence. There was no substantial evidence to support the charge that the petitioner, a social services caseworker, "rudely treated and spoke in a derogatory manner" to one of her clients. The evidence was uncontroverted that the petitioner, after having attempted in vain to convince a client of the importance of having a court adjudicate the

paternity of her child, referred to the child as a "bastard". Petitioner testified that she used that term in its professional sense in order to convey to the client the importance of having an adjudication of paternity. There was no intent on her part to speak to the client in a derogatory manner. Rather, the evidence suggests that the client complained because the Department of Social Services had removed the child from her custody. In addition, while the commissioner testified that he frowned upon the use of the word "bastard", he conceded that there was no outstanding rule against the use of the term. The fact that he might have felt that the use of the word was inappropriate, does not, we feel, under the circumstances, warrant a finding of guilt. In fact, there was testimony from the petitioner, as well as from two of her coworkers, that the term "bastard" had been used in departmental training affairs. Moreover, we also note that the commissioner, in his determination, which was contrary to the findings and recommendation of the hearing officer, failed to give any factual basis or reason for his determination. This, too, was error, and suggests that his decision was arbitrary and capricious (see *Matter of Simpson v Wolansky,* 38 NY2d 391). Finally, we feel that, as a matter of propriety and because of his personal involvement, the commissioner should have disqualified himself from reviewing the recommendation of the hearing officer and from acting with respect to any of the charges (see *Matter of Aiello v Tempera,* 65 AD2d 791; *Matter of Waters v McGinnis,* 29 AD2d 969; *Matter of Brzezinski v Wiater,* 46 AD2d 995; cf. *Matter of Sengstacken v McAlevey,* 39 AD2d 965). The commissioner herein not only instituted the charges against the petitioner, but also testified at the hearing. When the matter came before him for review he was in the position of passing on his own credibility as a witness. Accordingly, since he had an interest in the proceedings, he should have disqualified himself and appointed someone in his place to review the recommendations of the hearing officer (see County Law, § 401, subd 2). Latham, J. P., Titone, Margett and Hawkins, JJ., concur.