■ GREGORY WIND, Petitioner, v PAT RAVO, as City Manager of Yonkers, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent City Manager of the City of Yonkers, dated June 14, 1978, which, after a hearing, found petitioner guilty of certain specifications of misconduct and insubordination and demoted him from the position of water maintenance supervisor to working supervisor. Petition granted to the extent that the determination is annulled, on the law, with costs, and the matter is remitted for a *de novo* determination by the head of the Yonkers Department of Public Works based on the original hearing record, or by such other official or officials of the City of Yonkers who can be properly designated to make such a determination in the absence or inability of the City Manager to act. Petitioner was charged with and found guilty of several specifications of misconduct arising out of an alleged unauthorized and improperly executed repair job on a water leak which he supervised on December 18, 1976. At the time of the hearing which was held on these charges, the respondent Ravo, who is presently the City Manager of the City of Yonkers, was the Commissioner of the Department of Public Works of the City of Yonkers. In that capacity he brought the charges against petitioner and was a witness against petitioner at the hearing. After the hearing, the trial examiner found petitioner guilty of four specifications of misconduct and recommended a fine of $100. Thereafter, the respondent Ravo was appointed City Manager. In that capacity he was to make the final determination as to the issue of petitioner's guilt and punishment. Ravo confirmed that there was substantial evidence in the record to support the trial examiner's findings of guilt on four specifications,

but increased the punishment by demoting petitioner from water maintenance supervisor to working supervisor. It is our view that as a matter of propriety and because of his personal involvement, the City Manager should have disqualified himself from acting with respect to any of the charges (see *Matter of Aiello v Tempera,* 65 AD2d 791; *Matter of Brzezinski v Wiater,* 46 AD2d 995; *Matter of Waters v McGinnis,* 29 AD2d 969). Accordingly, the matter should be remanded for a *de novo* determination by the present head of the Yonkers Department of Public Works,* or any other official or officials of the City of Yonkers who can be properly designated to so act during the absence or inability of the City Manager. Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.

 ---

* He take judicial notice of article IV of the Yonkers City Charter, which provides: "But the manager may authorize the head of a department or officer responsible to him to appoint and remove subordinates in such department or office."