OPINION OF THE COURT
Bentley Kassal, J.
This is a proceeding brought by the New York Roadrunners Club and its president (collectively Roadrunners), as petitioners, under CPLR 2308 (subd [b]), pertaining to nonjudicial subpoenae, to compel Werner H. Kramarsky, Commissioner of *240 the State Division of Human Rights (Commissioner), to appear as a witness at a hearing held before a hearing officer of the Division of Human Rights in which Roadrunners is charged with unlawful discriminatory practices. The Commissioner has cross-moved to quash the subpoena and to dismiss the proceeding.
The proceeding before the State Division of Human Rights (State Division) was brought on the basis of a complaint initiated on June 21, 1978 by the State Division itself (as opposed to a complaint initiated by an aggrieved citizen). The complaint is very limited — it asserts that Roadrunners discriminates against disabled persons confined to wheelchairs by refusing, withholding and denying their participation in the New York City Marathon in violation of the Human Rights Law.
Roadrunners contends that the testimony of the Commissioner "is urgently necessary to enable respondents to fully, fairly and properly answer the accusation brought by the complainant as well as demonstrate the excessive and improper manner in which the complainant has prosecuted this action.” Roadrunners further seeks, through the Commissioner’s testimony, to demonstrate that he has exhibited "prejudgment and partiality”. Finally, Roadrunners wants to question the Commissioner as to his personal investigation of this complaint, arguing that "[i]t would seem that such irregular and overzealous conduct manifests an attitude inconsistent with the fair and evenhanded enforcement of the law.”
ROLE OF COMMISSIONER
In order to determine the propriety of the relief requested, the nature of the Commissioner’s role as chief administrative officer of the State Division must be examined. The statutory mandate of the State Division is to receive, investigate and determine complaints of violations of the Human Rights Law upon the request of an aggrieved party, or other State officials or on its own motion. (Executive Law, §§ 293-297.) Thus, of necessity, the Commissioner, at times, functions as the investigator, accuser and Judge. In this regard, the role of the Commissioner, while an anomaly in our system and scheme of justice, is far from unusual. In fact, the combination of investigatory, prosecutory and quasi-judicial functions in a single administrative officer or agency has a long history in this State and is currently authorized under many of our statutes. *241 (See, generally, Komyathy v Board of Educ., 75 Misc 2d 859, 864-866.)
DOCTRINE OF NECESSITY
While courts are properly concerned with the vesting of such multifaceted authority in a single individual or agency, where the clear statutory language so directs, it has been held that the legislative intent should not be disregarded or defeated, absent the most compelling circumstances. (Sharkey v Thurston, 268 NY 123; Kaney v New York State Civ. Serv. Comm., 190 Misc 944, affd 273 App Div 1054, affd 298 NY 707; Ann. 39 ALR 1480; 1 NY Jur Administrative Law, § 28.) Generally the doctrine of "necessity” — that the statute provides for only one officer or agency to hold the hearing — is applied to deny disqualification of the hearing officer or agency even where prejudgment by that hearing officer has been demonstrated. (Id.) The rule of necessity, however, is a legal fiction which is subordinate to the overriding authority of the Constitution, and "can never be a valid ground for depriving any person of a right guaranteed by the Constitution, or impose upon any person the consequences of guilt. upon which a fair hearing has not been accorded.” (Sharkey v Thurston, supra, p 126.)
Applying these rules to the specific statute under which the State Division is proceeding, it is clear that the doctrine of necessity requires that there be reasonable flexibility in the area of prejudgment by reason of the nature of the process itself. This is so since the State Division is authorized and/or mandated to: (1) file a complaint on its own motion (Executive Law, § 297, subd 1), (2) investigate the allegations in the complaint (Executive Law, § 297, subd 2), (3) determine "whether there is probable cause to believe that the person named in the complaint * * * has engaged or is engaging in an unlawful discriminatory practice” (Executive Law, § 297, subd 2), (4) if probable cause is established, hold a public hearing (Executive Law, § 297, subd 4) and (5) make a determination and issue an order (Executive Law, § 297, subd 4, par c).
Obviously, the finding of "probable cause” in this process is a prejudgment, yet it is clear that the requirement of such prejudgment, which is a screening device to free respondents from defending themselves at the earliest stage, is not, in *242 itself, a basis for the subsequent disqualification of the State Division.
STATE DIVISION’S CONTENTIONS
 The State Division argues that the above reasoning renders any examination of the Commissioner irrelevant and improper. This does not necessarily follow. Were the Commissioner to have improperly discriminated against the respondents in enforcing the otherwise valid Human Rights Law for an illicit motive or in depriving the respondents of equal protection of the laws, there would be a basis for disqualifying the Commissioner or otherwise preventing him from proceeding against the respondents. (See, generally, Matter of 303 West 42nd St. Corp. v Klein, 46 NY2d 686.) The respondents would be entitled to a forum in which to present and develop proof in support of such claim. (Matter of 303 West 42nd St. Corp. v Klein, supra.) However, it does not follow that the forum should be that of the pending hearing itself.
Nor do I agree with the State Division’s argument that the Commissioner’s authority is nondelegable under section 297 (subd 4, par c) of the Executive Law so that the Legislature’s intent would be frustrated if he were disqualified. Section 295 of the Executive Law, providing for the general powers and duties of the State Division expressly authorizes the State Division to act "by and through the commissioner or his duly authorized officer or employee”. Thus, if it were demonstrated that the Commissioner had in fact proceeded by reason of improper motive or prejudice, precluding his impartial review of the proceedings, disqualification and substitution of another to review the hearing officer’s recommendations would be necessary and proper. (See, e.g., Matter of Martin v Bates, 65 AD2d 818, and the cases cited therein.)
PRACTICAL CONSIDERATIONS
For the reasons stated above, Roadrunners should not be precluded from raising their objections to the manner in which the State Division and the Commissioner are proceeding and from examining witnesses, if necessary, to present and develop additional proof in support of such claims. (Matter of 303 West 42nd St. Corp. v Klein, supra.) However, such objections should not be litigated in the State Division hearings. They could have been raised by an article 78 proceeding, *243 in the nature of a writ of prohibition before the hearing, which is now pending and may still be raised by an article 78 proceeding to review an unfavorable determination after its completion.
To permit a respondent to pursue such issues during the hearing itself would unnecessarily complicate the hearing by creating a hearing within a hearing. Further, the potential for abuse is both apparent and grave. A respondent who, for improper reasons, did not desire that the Commissioner or his representative review the hearing, would merely have to call him as a witness, place his credibility in issue, thereby automatically removing him as a fact finder and requiring his disqualification with the designation of a substitute. (See Matter of Martin v Bates, supra.) However, these abuses and complications would not be present in the proper article 78 procedures described above.
The court is aware of the hazards inherent in the position urged by petitioners, which, if adopted, must inevitably lead to the absolute breakdown in the system of administrative (and, possibly, judicial) hearings. However, this is not intended to say that, under no circumstance, may unfair prejudice be demonstrated on the part of the fact finder by reason of improprieties.
In such event, as indicated above, existing procedures do protect an aggrieved party.
Accordingly, the motion to compel the testimony of the Commissioner in the pending hearing is denied and the cross motion to quash the subpoena and dismiss this proceeding is granted without prejudice to Roadrunners’ rights to commence an article 78 proceeding upon the determination of the Commissioner and seeking examination of appropriate witnesses pursuant to CPLR 408.