OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 Following a hearing conducted by a duly appointed designee, respondent, upon review, sustained various charges of misconduct and discharged petitioner from his high supervisory position. On this appeal, petitioner does not claim that the decision was not supported by substantial evidence. Nor does he assert that the sanction imposed is shocking to one’s sense of fairness in light of the gravity of the sustained charges. Rather, he maintains that he was vested with a due process right to be heard personally by the board of the transit authority on the question of mitigation of the penalty to be imposed.
 

 As petitioner was permitted to introduce any and all evidence deemed relevant on this issue before the hearing examiner, he was afforded all procedural and substantive rights guaranteed by law (Civil Service Law, § 75, subd 2;
 
 Matter of Simpson v Wolansky,
 
 38 NY2d 391, 393-394). So long as the
 
 *910
 
 body charged with imposition of disciplinary sanctions has made an independent appraisal of the entire record compiled by its duly appointed hearing officer, as respondent has done here, a public employee has received all that the due process clause demands
 
 (Matter of Simpson v Wolansky, supra;
 
 see
 
 Mildner v Gulotta,
 
 405 F Supp 182, 194-196, affd 425 US 901).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Judgment affirmed.