■ GREGORY WIND, Petitioner, v ERNEST GREEN, as Commissioner of Public Works of the City of Yonkers, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Ernest Green, as Commissioner of Public Works for the City of Yonkers, dated February 4, 1980, which found petitioner guilty of certain specified misconduct, and demoted him from the position of Water Maintenance Supervisor to Working Supervisor. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the provision that the demotion is to be retroactive to July 1, 1978 and adding a provision thereto making the demotion effective as of the date of said determination. As so modified, determination confirmed, without costs or disbursements, and proceeding otherwise dismissed on the merits. This matter was originally decided by the City Manager of the City of Yonkers by determination dated June 14, 1978. Upon review in an article 78 proceeding, this court annulled the determination and remanded the matter for a *de novo* determination by the Commissioner of the Yonkers Department of Public Works (see *Wind v Ravo,* 69 AD2d 879). The commissioner found petitioner guilty of the charges preferred against him, reimposed the penalty of demotion originally meted out by the city manager and made the demotion retroactive to July 1, 1978. We do not find petitioner's claims against the commissioner to be persuasive. His determination was supported by the record. Nevertheless, while the penalty of demotion was not so disproportionate to the offenses, in the light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board v Educ.,* 34 NY2d 222) and must, therefore, be

sustained, the commissioner erred in imposing it retroactively. Until the matter was finally decided by the commissioner after our prior remand, the petitioner was entitled to maintain his position as Water Maintenance Supervisor. Therefore, the effect of the determination of demotion must be prospective only. Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.