■ In the Matter of IRENE SANDER, Petitioner, v HAROLD D. OWENS, JR., as County Clerk of the County of Delaware, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Madison County) to review a determination of the Delaware County Clerk which dismissed petitioner from her employment after a hearing, pursuant to section 75 of the Civil Service Law. Petitioner held a competitive civil service position in the Delaware County Clerk's office. Respondent, the county clerk, formally charged her with misconduct and incompetency. A hearing regarding those charges, held pursuant to section 75 of the Civil Service Law, was presided over by the commissioner of social services, an unrelated county department. He rejected petitioner's assertion that her discharge was politically motivated, found her guilty of a misconduct charge which rested on insubordination and recommended that respondent's dismissal of her be sustained. As for the second misconduct charge, evidenced by her allegedly intentionally creating a disagreeable work environment, and an incompetency charge, the hearing officer found them unsupported by the evidence. On reviewing the hearing officer's decision, respondent concurred in the finding of misconduct, on the insubordination charge, and in the recommendation that petitioner be dismissed. In addition, he concluded that petitioner was also guilty of the second misconduct charge. There is no infirmity respecting the manner in which the hearing was conducted. We note, however, that without reciting any factual basis therefor, respondent found petitioner guilty of creating an unpleasant job atmosphere. It is also noteworthy that respondent initiated the charges, testified at the hearing, and in the course of reviewing the hearing officer's decision was in the untoward position of evaluating his own testimony. In light of respondent's personal involvement in

the matter we believe, as a matter of propriety, that he should have disqualified himself not only from acting as the hearing officer, as he did, but also from reviewing the hearing officer's recommendations *(Matter of Martin v Bates,* 65 AD2d 818; *Matter of Aiello v Tempera,* 65 AD2d 791). Here, no legislative intent will be thwarted by our requiring the Judge to be someone other than the accuser. Determination annulled, without costs, and matter remitted to respondent for a *de novo* determination to be made, upon the original hearing record, by a deputy clerk or some other person designated by respondent, who has not heretofore been involved in these proceedings. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.