■ In the Matter of DAVID ORTIZ, Petitioner, v RICHARD G. LESSER, as Commissioner of the Fulton County Department of Social Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the Commissioner of the Fulton County Department of Social Services, which dismissed petitioner from his employment. In April, 1980 the petitioner was suspended without pay from his job as a cleaner at the Fulton County Infirmary pending the determination of misconduct charges preferred against him by Ronald W. Morris, Director of the Fulton County Infirmary. Pursuant to section 75 of the Civil Service Law, a disciplinary hearing was held on May 21, 1980. The Clerk of the Fulton County Board of Supervisors was the hearing officer. Mr. Morris, the director of the infirmary,

not only testified at the hearing but, in concert with the Commissioner of the Fulton County Department of Social Services, participated in making the final determination which sustained the charges of misconduct and terminated petitioner's employment. The petition should be granted and the determination annulled. As a matter of propriety and because of his personal involvement, Mr. Morris, the Director of the Fulton County Infirmary, who preferred charges against petitioner and testified at the hearing, should have disqualified himself from reviewing the recommendations of the hearing officer and from acting with respect to any of the charges *(Matter of Sander v Owens, 82 AD2d 968; Matter of Martin v Bates, 65 AD2d 818; see, also, Wind v Ravo, 69 AD2d 879).* Next, the commissioner, as the officer charged with the responsibility of reviewing the hearing record, should not have shared that responsibility with Mr. Morris. A final determination of disciplinary charges should be made by the responsible officer only after an "independent appraisal" of the record *(Matter of Belsky v New York City Tr. Auth., 48 NY2d 908, 910).* Determination annulled, without costs, and matter remitted to respondent for a *de novo* determination on the present record by such official of the Fulton County Department of Social Services who would be authorized to act during the absence or inability of the commissioner. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.