■ In the Matter of ASSOCIATION OF SURROGATE'S AND SUPREME COURT REPORTERS WITHIN THE CITY OF NEW YORK, on Behalf of Its Members, Respondent, v HERBERT B. EVANS, as Chief Administrative Judge of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court, Kings County (Aronin, J.), dated January 11, 1980, dismissed as moot, without costs or disbursements (see CPL 2.10, subd 21; Penal Law, § 265.20, subd a, par 1, cl [c]). Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.

■ In the Matter of DIANA McLAUGHLIN, Respondent, v NORTH BELLMORE UNION FREE SCHOOL DISTRICT, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the North Bellmore Union Free School District to reinstate petitioner to the position of clerk-typist with back pay, the school district appeals from a judgment of the Supreme Court, Nassau County (Smith, J.), entered December 30, 1980, which directed it to pay petitioner wages and all other benefits of employment for the period at issue, less any earnings received from other employment during that time. Judgment affirmed, without costs or disbursements. On June 24, 1977, petitioner was suspended from her position as a clerk-typist with the appellant school district based upon charges of incompetence. Following a hearing held pursuant to section 75 of the Civil Service Law, petitioner's employment was terminated effective February 14, 1978. She received compensation for the period of her suspension, less the initial 30 days, as provided for in subdivision 3 of section 75 of the Civil Service Law. Petitioner sought review in an article 78 proceeding. This court annulled the determination on the ground that the hearing officer should have disqualified himself. The matter was remitted to the school district for a new hearing before a different hearing officer and for a new determination (*Matter of McLaughlin v North Bellmore Union Free School Dist.*, 73 AD2d 935). Petitioner commenced the instant proceeding for reinstatement and back pay prior to the second hearing. Following that hearing, it was again recommended that petitioner's services be terminated. The board of education, on August 13, 1980, adopted that recommendation and "ratified and affirmed" the earlier action of the school district. Petitioner's employment was thereupon terminated retroactive to February 14, 1978, the original termination date. Special Term awarded petitioner back pay and all benefits of employment for the period between February 14, 1978 and August 12, 1980, less any earnings received from other employment during that time. Reinstatement, however, was not ordered. The district has appealed from that judgment. On the facts before us, petitioner was entitled to maintain her position until the matter was finally decided by the district after our remand (see *Wind v Green,* 78 AD2d 695). The district thus erred in denying petitioner retroactive pay to the date of the first determination, which had been annulled by this court. Although there was a delay of approximately seven months between this court's order and the date of the district's second determination, it has not been shown that petitioner was liable therefor. Thus, there is no basis for holding that petitioner waived her claim to back pay after the initial 30 days of her suspension due to any delay occasioned by herself (see *Gerber v New York City Housing Auth.,* 42 NY2d 162; *Matter of Fusco v Griffin,* 67 AD2d 827). Accordingly, the judgment appealed from is affirmed. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.