■ In the Matter of DAVID ORTIZ, Petitioner, v RICHARD G. LESSER, as Commissioner of the Fulton County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the Commissioner of the Fulton County Department of Social Services which dismissed petitioner from his employment. Misconduct charges were filed against petitioner on or about April 24, 1980, alleging certain improper conduct on April 6, 1980. He was suspended without pay and thereafter placed back on the payroll after the expiration of the 30-day period of suspension authorized by subdivision 3 of section 75 of the Civil Service Law. After a hearing he was dismissed from his employment by a letter dated July 18, 1980. He commenced an article 78 proceeding and this court annulled the determination and remitted the matter to respondents for a *de novo* determination on the ground that the determination was not based upon an " 'independent appraisal' " of the record (*Matter of Ortiz v Lesser,* 83 AD2d 663, 664). Thereafter, based on the original record, the Director of

Services for the Fulton County Department of Social Services, acting in place of the commissioner, issued a determination dated July 31, 1981 which adopted the hearing officer's recommendation as to guilt and imposed the recommended penalty of dismissal from service. The determination also refused to reinstate petitioner to the payroll retroactive to July 18, 1980 as requested. The instant proceeding was commenced and transferred to this court wherein petitioner seeks an annulment of the determination and also reinstatement to his position with full pay for the period of July 18, 1980 through July 31, 1981. More specifically, petitioner contends that he is entitled to back pay for the period of July 18, 1980 through July 31, 1981 due to this court's annulment of the determination dated July 18, 1980; that there is no substantial evidence to support the determination; and that, in any event, the dismissal constitutes an excessive penalty. Pursuant to subdivision 3 of section 75 of the Civil Service Law, an employee charged with misconduct may be suspended without pay for a period not exceeding 30 days pending the hearing and determination of charges. Petitioner was suspended without pay for a period *not* exceeding 30 days after the charges were initially filed. Consequently, when this court annulled the original determination, the proper procedure would have been to reinstate petitioner to his position (*Wind v Green,* 78 AD2d 695). At that period in time petitioner had not been legally determined to be guilty of misconduct. Therefore, his dismissal without pay during the period in question was improper and he is entitled to his regular pay during this period less any earnings received by petitioner during this period. We disagree, however, with petitioner's contention that there is no substantial evidence to sustain the determination. There was testimony at the hearing that on the day in question he reported to work at 12:30 P.M. and not at his scheduled time of 7:00 A.M.; that in the infirmary where he was employed and in front of approximately 25 patients of the infirmary he had an argument with a coemployee with whom he had been living; and that he struck her about the face. There is, in our view, substantial evidence to support the finding of misconduct and we should not disturb it (*Matter of Pell v Board of Educ.,* 34 NY2d 222). We also reject petitioner's contention that the sanction of dismissal is an excessive penalty. Determination modified, so as to direct that petitioner receive full reimbursement of salary and benefits for the period of July 18, 1980 through July 31, 1981, less any earnings received by him during this period, and, as so modified, confirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.