■ In the Matter of ALTON FINCH, Petitioner, v TOWN BOARD OF WEBSTER et al., Respondents. — Determination unanimously annulled and petition granted, with costs, in accordance with the following memorandum: In this proceeding, which was transferred to our court pursuant to CPLR 7804 (subd [g]), petitioner seeks review of a determination of the Town Board of the Town of Webster (Board) finding him guilty on three charges of misconduct and dismissing him from his position as the dog control officer. Petitioner contends that he failed to receive a fair hearing before an impartial hearing officer, that the findings of misconduct were not supported by substantial evidence, and that the penalty of dismissal was so disproportionate to the charges as to be shocking to one's sense of fairness. Petitioner clearly is entitled to have the determination annulled. The election of 1979 produced a shift in the political makeup of the Board; the party with which petitioner was affiliated assumed minority status. Irving Kent, the newly elected town supervisor, requested that petitioner resign and indicated that he had a person to replace him. Petitioner refused to resign and, because of his veteran status, was protected by section 75 of the Civil Service Law. Subsequently, Kent preferred the charges against petitioner and designated the Board to conduct the hearing. Kent actively participated in the hearing and voted in the Board's final determination of the charges. His failure to disqualify himself when requested to do so would require that the determination be annulled and that a new hearing be directed even if there were substantial evidence to support the charges (see *Matter of Devany v Rice*, 84 AD2d 565; *Matter of Ortiz v Lesser*, 83 AD2d 663; *Matter of Sander v Owens*, 82 AD2d 968). However, we agree with petitioner that the record lacks substantial evidence to support the Board's findings of misconduct. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (*Edison Co. v Labor Bd.*, 305 US 197, 229; see, also, *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *Matter of Sowa v Looney*, 23 NY2d 329, 335; *Matter of Borek v Toia*, 56 AD2d 727). The test on review is one of rationality based upon the record (*Matter of Purdy v Kreisberg*, 47 NY2d 354, 358; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Cortland-Clinton, Inc. v New York State Dept. of Health*, 59 AD2d 228, 232). Petitioner was found guilty of misconduct on three charges: (1) that on various occasions from May, 1979 through December 1979 the police department was unable to contact him while he was supposed to be performing his official duties; (2) that due to petitioner's failure to respond in timely fashion, a citizen shot a menacing dog resulting in that citizen's conviction for unjustifiably killing the dog and (3) that petitioner "harbor[ed] or permitted to be harbored two unlicensed dogs at [his] house or [his son's house] for the period of January 1, 1979 through September 26, 1979 * * * [and] refus[ed] to seize * * * or impound them as provided for [in] the Agriculture and Marketing Act". With respect to Charge No. 1, although the evidence established 19 calls on which police dispatchers were unable to contact petitioner at least once, there is nothing in the record to indicate any misconduct by petitioner. There was no

showing that at the times he was unable to be contacted he was not performing his official function on another call or that he was at fault for the failure of contact. On the second charge, petitioner was found guilty of causing a citizen to kill a dog unnecessarily. The gist of this charge is that petitioner's neglect of duty was responsible for the killing. The record is barren of proof of misconduct or neglect of duty and the absence of causation is obvious. With respect to the last charge, there was some sketchy proof that petitioner obtained a dog license for a dog named "Gretchen" in 1977 and 1978 but that in 1979 no license was obtained until September when one was obtained by petitioner's son for a dog named "Gretchen." Such proof is insufficient to support a charge of misconduct. Petitioner must therefore be reinstated and a hearing held to determine his entitlement to back pay (Civil Service Law, § 75, subd 3; see ·*Matter of Mallwitz v State of New York,* 88 AD2d 786). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.