■ JOSEPH VESELY, JR., Respondent, v TOWN OF NEW WINDSOR, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the

Town Board of the Town of New Windsor which sustained four charges against the petitioner and terminated his employment, the town appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated June 30, 1981, which, *inter alia,* annulled the determination and remanded the matter to the town board for further proceedings on the hearing panel's report. Leave to appeal is granted by Justice Bracken. Order affirmed, without costs or disbursements.

The town board's determination should be set aside because of the participation of town board member Beth Green, who was not a member of the hearing panel and who thereafter voted with the majority of the town board. Mrs. Green is the wife of the town superintendent of highways, who participated in the investigation which resulted in the filing of charges, and Mr. Green was a witness at the hearing (see *Matter of Aiello v Tempera,* 65 AD2d 791). Special Term was correct in disqualifying Beth Green from participating in this matter. The town board, by a three-to-two vote, rejected the hearing panel's majority recommendation which had sustained two of the four charges against the petitioner and had recommended a penalty of "loss of 2 months pay", and found the petitioner guilty of all four charges. The town board then dismissed the petitioner. The record clearly discloses that the vote of the five-member town board was unanimous in finding the petitioner guilty of the two of the four charges which had previously been sustained by the majority of the hearing panel. A remand is required in order that only the four remaining eligible town board members consider, *de novo,* without any participation by Beth Green, the hearing panel's report and that thereafter there be recorded the votes of each individual member as to each charge, and also the penalty to be imposed if there is established a majority vote finding the petitioner guilty on a particular charge. Section 63 of the Town Law provides: "Every act, motion or resolution shall require for its adoption the affirmative vote of a majority of all the members of the town board." There will exist no deadlock as a result of the disqualification of Mrs. Green. The failure to obtain a majority vote on a specific charge will result in finding the petitioner not guilty on such specified charge. The dissent has concluded that the "rule of necessity" requires that the disqualification of Beth Green must be ignored if the law authorizes no other person to take whatever action is necessary to a determination (see *Matter of Morgenthau v Cooke,* 56 NY2d 24, 29, n 3; *Sharkey v Thurston,* 268 NY 123, 126-129; *Matter of Eigo v Wheeler,* 248 App Div 53, 57). The dissent holds that the rule is applicable since the law authorizes no direction to the remainder of the deadlocked board to resume deliberation in the vain hope that some consensus will emerge. However, based upon section 63 of the Town Law the failure to obtain the affirmative vote of the majority of the town board will result in a failure to find the petitioner guilty of a specified charge, which is not a deadlocked vote. The "rule of necessity" is inapplicable to the disqualification of one of a five-member town board. It is applicable only to an individual or body, if by law only the said individual or the said body as an entire body must hear and determine an issue. Mangano, J. P., Gulotta and Bracken, JJ., concur.

O'Connor, J., dissents and votes to reverse the order, confirm the determination of the board and dismiss the proceeding on the merits, with the following memorandum. Petitioner was accused of several breaches of discipline while working as a heavy equipment operator and mechanic in the Town of New Windsor's employ. After a hearing on November 13, 1980 before a three-member committee of the five-member town board (Town Law, § 20, subd 1, par [a]; § 60, subd 1), a majority of the committee recommended to the board that two of the four charges be sustained and that petitioner be reinstated with the loss of two months' pay. The minutes of the board's determination reflect the fact that the hearing minutes were distributed to the two board members not

present during the hearing because the committee's vote had not been unanimous; thus, although the committee had constituted a quorum of the board, the votes cast in favor of the committee's motion were too few to constitute a determination of the board: "Every act, motion or resolution * * * require[s] for its adoption the affirmative vote of a majority of all [five] members of the town board." (Town Law, § 63.) When the two added members met at a full meeting of the board on November 25, 1980 they voted, with the dissenter on the recommendation, to carry a motion finding the petitioner guilty of all four charges and fixing his punishment as dismissal; the two members who had recommended sustaining but two charges and imposing a lesser penalty voted against the board resolution. Petitioner commenced this proceeding to review the board's determination and to "reinstate" the committee's recommendation on the ground that one vote, cast by one of the two members not present at the hearing, was invalid because the voter was the spouse of his accuser, who had testified against him at the hearing. Invalidating this one vote, said petitioner, would result in a tie on the board's resolution and, therefore, "would have constituted an acceptance" of the committee's recommendation. Special Term agreed that the vote was invalid on the ground of impropriety, but rejected — without comment — the relief requested by petitioner and instead directed the board to reconsider the matter. I agree with the majority that the deciding vote cast by the spouse of a witness against the accused would, under most circumstances, require invalidation. It is true, as the town argues, that for the most part the testimony of the witness was merely cumulative to that of another adverse witness and that petitioner had admitted most of what they said against him on one charge accusing him of calling in sick and being found a few hours later hard at work in a garage he owned with a friend. It is also true that petitioner admitted his guilt on a second charge of leaving work early. Yet it is evident that the board's concern went beyond his conduct; petitioner's integrity was put in issue. Thus it was petitioner's testimony that he had not called in sick but instead had called to say he would be absent; on being asked whether he wanted to charge his absence to his allotment of "sick" or "personal" days, he requested the former because his personal day allowance had been exhausted previously. The party taking his call, the town highway superintendent, denied petitioner's assertion that the town permitted such a practice. He testified that on finding petitioner at the garage, petitioner told him he was using up his sick time so he would not lose it. The testimony of the town board member's spouse, who had accompanied the superintendent to the garage, was that petitioner admitted calling in sick but excused his subsequent presence at the garage on the ground that he had felt better after making the call. Thus was petitioner shown to be a dissembler. Therefore, if the general rule demanding impartial adjudication and avoidance of the appearance of impropriety were applicable, I would agree with Special Term and the majority of this court in declaring the spouse of the witness disqualified and in voiding her vote to dismiss petitioner (see *Matter of Aiello v Tempera,* 65 AD2d 791). I vote to reverse the order, confirm the board's determination and dismiss the proceeding on the merits, because the matter falls squarely within the "rule of necessity" exception to the general rule under which a merited disqualification cannot be imposed if the law authorizes no substitution of another person to take whatever action is necessary to the determination under review (see *Trade Comm. v Cement Inst.,* 333 US 683, 700-703; *Evans v Gore,* 253 US 245, 247-248; *Matter of Morgenthau v Cooke,* 56 NY2d 24, 29, n 3; *Sharkey v Thurston,* 268 NY 123, 126-129; *People ex rel. Hays v Waldo,* 212 NY 156, 172-173; *Matter of Eigo v Wheeler,* 248 App Div 53, 57; *Matter of Leefe,* 2 Barb Ch 39). Contrary to petitioner's argument, a tie vote

achieved through judicial invalidation of the one vote cast by the witness' spouse would not constitute a determination of the board in the nature of a reinstatement of the committee's recommendation. Section 63 of the Town Law could not be clearer in requiring a minimum of three votes to enable the board to act on a matter before it. Hence the split (two-to-one) vote of the committee of three members evidenced the existence of a quorum of the board, but it did not constitute an action of the board. The only proper characterization of this vote would be as a recommendation for action by the full board in determining the disposition of the disciplinary charges pursuant to the provisions of section 75 of the Civil Service Law. The majority, however, accepts the premise in petitioner's argument by stating that a tie vote on any charge upon remission of this matter will be deemed an acquittal. Whether the tie vote is upon a motion resolving *all* charges, as the petitioner argues, or is upon a motion resolving but a single charge, as the majority argues, it is a nullity — not an acquittal. An acquittal requires as much an *action* of the board as a conviction; it cannot be the product of a *failure* of the board to act. What the majority suggests, therefore, is that a deadlock among the *only* persons charged by statute with an obligation to find guilt or innocence amounts to a verdict of acquittal. This runs counter to established jurisprudence (cf. CPLR 4113, subd [a]; CPL 310.60, 310.70). Since under section 63 of the Town Law the town board cannot act on a motion without the concurrence of at least three of its members, a two-to-two tie vote constitutes a nullity. Nor do I concur with the majority's describing as a "unanimous * * * finding" of guilt on two of the four charges the fortuitous existence of two majority votes on the committee's *recommendation* for conviction on two charges and three majority votes on the board's *determination* of conviction on all four charges. The record reveals but two motions on this disciplinary matter, one in an advisory committee and one in the board meeting respecting all four charges. This court cannot invade the board's jurisdiction by entertaining the fiction that there existed or exists now some other motion or series of motions upon which the board can act without counting the disqualified member's vote. Thus this court cannot arrogate to itself the power to direct the board to determine each disciplinary charge, and the appropriate punishment for each, as a series of separate motions. The board alone has jurisdiction over determination of the charges and therefore the *manner* in which they are to be disposed. Finally, this matter cannot be resolved by invalidating the deciding fifth vote of the disqualified member on the theory, set forth in *People ex rel. Pond v Board of Trustees of Vil. of Saratoga Springs* (4 App Div 399), that one or more of its members had not yet voted and therefore the motion can be resubmitted for action by a lawful quorum inclusive of those yet to vote but exclusive of those judicially disqualified from voting. In this matter all members had voted on the motion before the board and the motion carried on the casting of the challenged member's vote. Hence the facts here permit of no possible substitution of another person to cast the challenged member's vote. I therefore conclude that this matter cannot escape the application of the rule of necessity and that the vote of the challenged board member on the one and only resolution before the board cannot be invalidated.