■ In the Matter of JOHN V. O'REILLY, Petitioner, v CITY OF WHITE PLAINS et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review so much of a determination of the respondent Carlton F. Hartman, acting in the capacity of Commissioner of the Department of Building of the City of White Plains, dated September 14, 1981, as, after a hearing, found petitioner guilty of certain specified charges of misconduct and incompetency and dismissed him from his position as plumbing code enforcement officer, and, as limited by petitioner's brief, to compel respondents to pay him "all of his back pay, salary, increments and other compensation or emoluments" of his employment from November 2, 1979 through and including September 14,

1981. Petition granted, on the law, to the extent that respondents are directed to pay petitioner all back pay and benefits to which he is entitled from November 2, 1979 through and including September 14, 1981, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. In all other respects, determination confirmed, insofar as reviewed, without costs or disbursements, and proceeding otherwise dismissed on the merits. This matter was originally decided by respondent William E. Pisani, Commissioner of the Department of Building of the City of White Plains, by determination dated October 24, 1979, which, after a hearing, found petitioner guilty of certain specified charges of misconduct and incompetency and dismissed him from his position as plumbing code enforcement officer. Upon review in a CPLR article 78 proceeding, this court annulled Commissioner Pisani's determination and remitted the matter for a *de novo* determination based upon the original hearing record by a deputy commissioner, or any other duly qualified individual who might be designated (see *Matter of O'Reilly v Pisani,* 79 AD2d 973). Respondent Carlton F. Hartman was appointed by the Mayor of the City of White Plains to act in the capacity of Commissioner of the Department of Building of the City of White Plains for the purpose of making the *de novo* determination. On September 14, 1981, respondent Hartman found petitioner guilty of certain of the charges and specifications preferred against him, and reimposed the penalty of termination originally meted out by Commissioner Pisani, effective immediately. Among other things, petitioner now seeks to review that part of the determination of Acting Commissioner Hartman as found him guilty of certain specified charges of misconduct. We find that determination was supported by substantial evidence on the record taken as a whole, and was not arbitrary and capricious or affected by error of law in Hartman's refusal to disqualify himself. Nor was the penalty of termination so disproportionate to the offenses, in the light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222), and the determination must, therefore, be confirmed, insofar as reviewed. Petitioner also seeks relief in the nature of mandamus to compel the respondents to pay him back pay and benefits from November 2, 1979, the date of the termination of his employment under the determination of Commissioner Pisani, until September 14, 1981, the date of the determination of Acting Commissioner Hartman. We hold that until the matter was finally decided by Hartman after our prior remand, the petitioner was entitled to retain his position as plumbing code enforcement officer (see *Sinicropi v Bennett,* 92 AD2d 309; *Wind v Ravo,* 69 AD2d 879; *Wind v Green,* 78 AD2d 695) and respondents are therefore directed to pay petitioner the back pay and benefits to which he was entitled under the provisions of subdivision 3 of section 75 of the Civil Service Law. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.