■ In the Matter of PHILIP DENNELLY, Petitioner-Respondent, v COUNTY ATTORNEY OF NASSAU COUNTY et al., Respondents-Appellants. — Proceedings pursuant to CPLR article 78 (1) to review a determination of the Sheriff of Nassau County, dated February 24, 1983, which, after a hearing, dismissed petitioner

from his position as deputy sheriff, and (2) to compel the Nassau County Sheriff's Department to reinstate petitioner to his position as deputy sheriff with back pay; and appeal, by permission, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated December 13, 1983, as, in effect, denied a cross motion to dismiss the proceeding to compel petitioner's reinstatement with back pay.

Determination dated February 24, 1983 confirmed and proceeding to review dismissed on the merits, without costs or disbursements.

Order dated December 13, 1983, affirmed, insofar as appealed from, without costs or disbursements.

Petition to compel reinstatement with back pay granted, without costs or disbursements, to the extent that the Nassau County Sheriff's Department is directed to pay petitioner wages and all other benefits of employment for the period from his original dismissal on January 24, 1980 until February 24, 1983, to the extent that period of delay is not attributable to petitioner's conduct, less any compensation derived from other employment during that period and any unemployment insurance benefits received for that period; proceeding otherwise dismissed, and matter remitted to Special Term for a calculation of the amount of back pay due petitioner in accordance herewith.

The determination of the Sheriff of Nassau County dated February 24, 1983 is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Upon a review of the record we find that petitioner's claim that he was prejudiced during the hearing by unfair methods utilized by the County Attorney is without merit. Furthermore, the penalty imposed, dismissal of petitioner from his position of deputy sheriff, was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948; *Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

In the proceeding to compel petitioner's reinstatement with back pay, it should first be noted that Special Term, in its order of December 13, 1983, improperly transferred the proceeding to this court, pursuant to CPLR 7804 (subd [g]), since in this petition the petitioner does not allege that the Sheriff's determination was not supported by substantial evidence (CPLR 7803, subd 4). Instead, it alleges a failure to perform a duty enjoined by law (CPLR 7803, subd 1). However, once transferred to this court, this court may now determine all issues (*Matter of Portugal v Webb,* 91 AD2d 997).

Special Term's denial of the cross motion to dismiss the proceeding to compel was proper. That proceeding was timely commenced (CPLR 217), and petitioner did not make a knowing and intelligent waiver of his remedies. The remainder of appellants' claims are without merit.

Since the determination of the Sheriff of Nassau County dismissing petitioner is confirmed, petitioner need not be reinstated. However, the Sheriff erred in dismissing petitioner retroactive to January 24, 1980, the date of an earlier determination dismissing petitioner. That earlier determination was subsequently annulled by this court (see *Matter of Dennelly v County Attorney of Nassau County,* 88 AD2d 912). Until the question of whether petitioner should be dismissed was finally decided on February 24, 1983, the petitioner was entitled to maintain his position as deputy sheriff. Thus, petitioner is entitled to the salary and benefits he would have earned for the period of delay from January 24, 1980 to February 24, 1983 to the extent to which that period of delay was not attributable to his conduct, less any compensation derived from other employment or unemployment insurance benefits received during that period (*Matter of Sinicropi v Bennett,* 60 NY2d 918; *Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627; *Matter of McLaughlin v North Bellmore Union Free School Dist.,* 86 AD2d 870; *Wind v Green,* 78 AD2d 695; *Matter of Bentley v Henniger,* 10 AD2d 900). The petition to compel is therefore granted to this extent, and the matter is remitted to Special Term for a determination of the amount due petitioner. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.