■ In the Matter of LINDA J. HICKS, Petitioner, v RAYMOND E. FORTIER, as Commissioner of the Chemung County Department of Social Services, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of respondent Chemung County Commissioner of Social Services which dismissed petitioner from her position as Director of Social Services.

After petitioner refused to accept a demotion from her permanent competitive position as Director of Social Services with the Chemung County Department of Social Services, respondent Commissioner of the Department (hereinafter respondent) filed charges against her pursuant to Civil Service Law § 75, alleging incompetency in the performance of her managerial duties. After a 15-day hearing at which petitioner, respondent and others testified, the hearing officer filed a report recommending that certain of the charges be sustained and that petitioner's demotion be upheld. Respondent adopted the hearing officer's recommendations. This CPLR article 78 proceeding ensued.

We reject petitioner's claim that the selection of the particular hearing officer resulted in a denial of due process *(see, Matter of Pollman v Fahey,* 106 AD2d 771, 773). As to petitioner's claim concerning the role of respondent in filing the charges, testifying at the hearing and rendering the final determination, we are of the view that as a matter of propriety and because of his personal involvement, respondent should have disqualified himself from reviewing the recommendations of the hearing officer and acting on any of the charges *(see, Matter of Sander v Owens,* 82 AD2d 968; *see also, Matter of Edgar v Dowling,* 96 AD2d 510; *Matter of Ortiz v*

*Lesser,* 83 AD2d 663; *Matter of Martin v Bates,* 65 AD2d 818). Accordingly, the petition should be granted to the extent of annulling the determination and remitting the matter to respondents for a de novo determination on the present record by an official of the Chemung County Department of Social Services who would be authorized to act during the absence or inability of respondent *(see, Matter of Ortiz v Lesser, supra).* We reach no other issue.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.