█ In the Matter of CHARLES REED, Petitioner, v TOWN OF HUNTINGTON, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Huntington, dated October 13, 1989, which, after a hearing, terminated the petitioner from his Civil Service position as Sign Inspector for the Town of Huntington effective November 6, 1987.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the petitioner is awarded full back pay and benefits for the period November 6, 1987, to October 13, 1989, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the calculation of the petitioner's back pay and benefits.

The petitioner Charles Reed was employed in a Civil Service position as Sign Inspector by the respondent Town of Hunting-

ton. In 1987, the Town commenced a disciplinary proceeding against Reed pursuant to Civil Service Law § 75, claiming that he was guilty of misconduct and incompetence. After a hearing, the Town's Supervisor found that Reed was guilty of misconduct and incompetence and dismissed him from his position.

Reed then commenced a first proceeding pursuant to CPLR article 78. This first proceeding resulted in a decision reinstating Reed with full salary as of November 6, 1987, because there had been a procedural defect in having the Town Supervisor review the hearing evidence pursuant to Civil Service Law § 75. A de novo review of the hearing evidence was then conducted by the Town's Personnel Officer. On October 13, 1989, this official issued a final determination again dismissing Reed. This time Reed was dismissed retroactively to the date of his first dismissal—November 6, 1987. Reed then commenced the instant proceeding.

We find that there was substantial evidence in the record to support the determination of the Town's Personnel Officer dismissing Reed. In addition, we reject Reed's contention that the penalty of dismissal was excessive. A penalty is excessive only if it is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Furthermore, we also reject Reed's contention that the Personnel Officer was an inappropriate official to conduct the de novo review. There is no indication in the record that the Personnel Officer preferred the charges against Reed, instituted the investigation, or was biased (cf., Matter of Edgar v Dowling, 96 AD2d 510; Matter of Devany v Rice, 84 AD2d 565; Matter of O'Reilly v Pisani, 79 AD2d 973; Matter of Cafaro v Pedersen, 123 AD2d 860; Matter of McLaughlin v North Bellmore Union Free School Dist., 73 AD2d 935; Matter of Young v Board of Educ., 100 AD2d 515).

However, it was error for the Personnel Officer to dismiss Reed retroactively to the date of his first dismissal (see, Civil Service Law §§ 77, 75 [3]; Matter of Sterling v Levitt, 168 AD2d 314; Sinicropi v Bennett, 92 AD2d 309, affd 60 NY2d 918; Matter of O'Reilly v City of White Plains, 92 AD2d 920; Matter of Tanner v County of Nassau, 88 AD2d 661). We reject as meritless the Town's contention that Reed should be estopped from claiming any right to back pay and benefits, or that he waived his right to them. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.