In the Matter of JAMES K. NORTON, Petitioner, v VILLAGE OF PHOENIX BOARD OF TRUSTEES et al., Respondents. [667 NYS2d 540] —Determination unanimously annulled on the law with costs and matter remitted to respondents for further proceedings in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges his dismissal as the Chief of Police by respondent Village of Phoenix Board of Trustees (Board). Although the finding of petitioner's misconduct is supported by substantial evidence, we annul the penalty of dismissal because that determination "was made in violation of lawful procedure" (CPLR 7803 [3]). The four members of the Board who voted to dismiss petitioner also preferred the charges and testified against him at the hearing. It is well established that a municipal officer is disqualified from acting on charges against an employee where he has preferred the charges, selected the Hearing Officer and appeared at the hearing to testify against the employee (*see, Matter of Memmelaar v Straub*, 181 AD2d 980, 981; *Matter of Wayering v County of St. Lawrence*, 140 AD2d 838, 840; *Matter of Edgar v Dowling*, 96 AD2d 510, 511). The rationale for disqualification is that a Board member should not place himself in the questionable position of evaluating the credibility of his own testimony (*see, Matter of Sander v Owens*, 82 AD2d 968, 968-969), especially where, as here, there is conflicting testimony and the Board must evaluate the credibility of witnesses. Further, "no legislative intent will be thwarted by * * * requiring the Judge to be someone other than the accuser" (*Matter of Sander v Owens, supra*, at 969).

We therefore annul the determination and remit the matter to respondents for a de novo determination made upon the original hearing record by persons designated by the Board who were not involved in the hearing (*see, Matter of Memmelaar v Straub, supra*, at 981-982; *Matter of Edgar v Dowling, supra*, at 511; *Matter of Sander v Owens, supra*, at 969). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oswego County, Nicholson, J.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.