OPINION OF THE COURT
Meyer, J.
On the facts and circumstances of this case, due process was denied petitioner, a claimant for accidental disability retirement, when one of the three members of the medical board which rejected her claim had previously examined claimant as an independent physician designated by two members of that board and had recommended that her claim be denied. The order of the Appellate Division affirming Special Term’s dismissal of petitioner’s article 78 proceeding seeking review of the determination rejecting her claim should therefore be reversed, with costs, and the matter remitted to Supreme Court, New York County, with directions to remand for further proceedings in accordance with this opinion.
Petitioner is a former school secretary who applied pursuant to section B20-42.1 of the Administrative Code of the City of New York for accidental disability retirement benefits as a result of physical and mental injuries sustained in an on-the-job assault against her by an angry parent. It is undisputed that petitioner had a history of coronary and psychiatric problems that predated the assault. It is also undisputed, however, that both her physical and mental condition deteriorated after the assault. The issue before the medical board was whether that deterioration was causally related to the assault.
Petitioner first applied for accidental disability benefits in 1971. Doctors Lester Fox and Bernard Perlman were members of the medical board which considered her claim, *376 and as such made their own examination of her. The board designated Doctor Edward Gould as an independent psychiatrist to examine petitioner and make a written report to the board. After receipt of Dr. Gould’s written report, the board rejected petitioner’s application, but that determination was upset by a Federal court ruling that petitioner had been denied due process by the board’s refusal to permit her to see and respond to Dr. Gould’s report and by the board’s failure adequately to set forth its findings of fact and the evidence upon which it had relied (Lowcher v Beame, 405 F Supp 1247).
On remand, the board of which Drs. Fox and Perlman were members designated Dr. Larry Schneck as a second independent psychiatrist to examine and report. Essentially Dr. Schneck concurred with Dr. Gould. Petitioner was afforded the opportunity to see and dispute the reports of both Dr. Gould and Dr. Schneck. She attempted to rebut those reports by submitting written reports from five of her own doctors. Petitioner’s doctors, who had also examined her, had concluded that at least with respect to petitioner’s mental state, she had been disabled by severe neurotic anxiety as a proximate result of the assault.
Without a doubt, petitioner’s physicians constituted a formidable group. It included not only petitioner’s general practitioner, but also a cardiologist, an expert in forensic medicine who was also an attorney, a neuropsychiatrist and a psychiatrist. The forensic medicine expert, the neuropsychiatrist and the psychiatrist each directly challenged the conclusions of Drs. Gould and Schneck by suggesting, among other things, that they had failed to take relevant facts into consideration and had focused upon irrelevant matters, failed to appreciate the debilitating effects of neurotic anxiety, and failed to understand the legal, as opposed to medical, meaning of proximate cause.
Thereafter, for reasons which the record does not reveal, Dr. Schneck was appointed as the third member of the medical board, to serve with Drs. Fox and Perlman.* On *377 this record, were a medical board which did not include either Drs. Gould or Schneck as one of its members simply to have accepted the Gould-Schneck conclusion and rejected the conclusions of petitioner’s physicians, we would be unable to find any legal defect with that determination requiring annulment. Dr. Schneck’s presence as one of three members of the board, along with Drs. Fox and Perlman, which reviewed and rejected petitioner’s claim requires, however, that the medical board determination be annulled as a fundamental matter of administrative fair play and due process, for, in what the city concedes was a less than exemplary procedure, Dr. Schneck sat in review upon his own prior determination that petitioner had not been disabled by neurotic anxiety as a result of an assault. Moreover, he reviewed this determination against formidable contrary determinations expressed by other qualified experts who challenged, in effect, his basic professional competence. Not surprisingly, Dr. Schneck agreed with Dr. Schneck and upheld his determination. Pierce v Delamater (1 NY 17) to the contrary notwithstanding, we conclude that it is, indeed, improper for an impartial reviewer of an issue of fact to sit in review of his own prior determination of fact.
That due process will not allow an administrative decision-maker to sit in review upon his own decisions is the holding of Goldberg v Kelly (397 US 254, 271); compare Withrow v Larkin (421 US 35, 58, n 25); see Morrissey v Brewer (408 US 471, 485-486). Here, Dr. Schneck did just that. The issue he decided in his independent report to the medical board was the same issue he later decided as a reviewing member of the medical board.
Nor are we persuaded by the city’s claim that the medical board does not sit as an impartial arbiter of disputed facts but, rather, engages in independent expert inquiry into an applicant’s medical condition. Consequently, the city argues, Dr. Schneck’s report as a designated independent physician stands free of and merely predated the independent decisions of Drs. Fox and Perlman who subsequently concurred with Dr. Schneck’s determination. This analysis, however, blinks reality. Of the three physicians on the medical board *378 which rejected petitioner’s application for the second time, only Dr. Schneck was a psychiatrist. More important, the two nonpsychiatrists had twice indicated a need for psychiatric expertise to evaluate petitioner’s claim fairly — once by designating Dr. Gould to examine petitioner and submit to them a written report and a second time by subsequently designating Dr. Schneck for the same purpose. Thus, in a situation where psychiatrists Gould and Schneck had come to conclusions conflicting with petitioner’s psychiatrists, the danger was great that the two nonpsychiatrist board members would defer to the psychiatric opinion of their board member colleague, Dr. Schneck, the only one of the many psychiatrists involved with whom they have been privy, and .defend him against the challenge to his competence leveled by petitioner’s psychiatrists.
We are not unmindful of the cases holding that even if a Judge be biased his holding will not be reversed absent a showing that that bias unjustly affected the result. We conclude that, at least on a record such as the present, it would be wholly unreasonable to require petitioner to establish prejudice by demonstrating that the decisions reached by Drs. Fox and Perlman were influenced by Dr. Schneck’s dual role. Human nature being what it is, the presumption, if any, should be the other way (cf. Adams Laundry Mach. Co. v Prunier, 74 Misc 529, 531, affd 153 App Div 930, affd 214 NY 637). To establish prejudice means delving into both the conscious and subconscious motivations of Drs. Fox and Perlman, who will quite naturally tend to uphold the decision already reached by the two of them and Dr. Schneck.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter with directions as above indicated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchberg concur.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, with directions to remand for further proceedings in accordance with the opinion herein.

 We, of course, do not mean to criticize either the use of independent medical advisers by a board (see Richardson v Perales, 402 US 389, 408) or Dr. Schneck for accepting both assignments.