■ AMERICAN CYANAMID COMPANY (LEDERLE LABORATORIES DIVISION) et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. (Action No. 1.) In the Matter of AMERICAN CYANAMID COMPANY (LEDERLE LABORATORIES DIVISION) et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. (Action No. 2.) — Appeal, in Action No. 1, from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered September 5, 1980 in Albany County, which, *inter alia,* granted defendants' cross motion to dismiss the complaint for failure to state a cause of action. Appeal, in Action No. 2, from a judgment of the Supreme Court at Special Term (Kahn, J.), entered July 24, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Service Commission. These two appeals, in an action and a proceeding, were brought by plaintiffs-petitioners (hereafter IEUA), who are the members of the Industrial Energy Users Association, and they are being heard together, upon motion of IEUA, because they present a central common issue, i.e., whether a Public Service Commissioner who acts as a hearing officer and recommends a decision in a rate-making proceeding may properly participate in the review by the full Public Service Commission (hereafter PSC) of the recommended decision. In Action No. 1, IEUA sought both a declaratory judgment and injunctive relief under circumstances wherein IEUA had intervened in a consolidated rate-making proceeding. Hearings in the consolidated cases were held before an Administrative Law Judge and respondent Public Service Commissioner Bower after which the Judge and the commissioner issued a recommended decision. At this point, IEUA sought to have Commissioner Bower disqualified from participating in the PSC's final determination of the case, but its request was denied by both the PSC and Commissioner Bower. As a result, it filed a petition for a rehearing before the PSC and also commenced the instant action wherein it sought (1) a declaration that Commissioner Bower's further participation in the rate-making proceeding would be unconstitutional as violative of due process, and (2) an injunction enjoining Commissioner Bower from such further participation. At Special Term, however, the court granted defendants' cross motion to dismiss the complaint, and IEUA appealed. The related article 78 proceeding was instituted following the issuance of PSC Opinion 80-35, which finally determined the rate-making proceeding. Commissioner Bower participated in the final determination, and consequently, IEUA asserted in its petition that the PSC acted arbitrarily and capriciously and in violation of due process by permitting Commissioner Bower to participate in the review of his own recommended decision. Special Term dismissed this petition in a judgment from which IEUA also appealed. We hold that the challenged

judgments should both be affirmed. In so ruling, we initially find lacking in substance IEUA's contention that section 11 of the Public Service Law does not authorize a commissioner, who recommends an action by the PSC, to participate in the PSC's deliberations on and final determination relative to the recommended action. A reading of the subject statute reveals that it clearly authorizes a commissioner to hold hearings and render decisions, and none of the language therein prohibits a commissioner from participating in the PSC's final determination with regard to recommended decisions he has made. Moreover, IEUA has presented no sound reason why such a prohibition should by implication be read into the statute (see *Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern*, 47 NY2d 639; *Matter of New York Life Ins. Co. v State Tax Comm.*, 80 AD2d 675). Similarly without merit is IEUA's further contention that the procedures followed by the PSC and noted above denied IEUA its constitutional right to procedural due process. The commissioner's recommended decision herein had no binding effect, but was merely a preliminary step in the decision-making procedure which served to aid the PSC in making a final determination. Such being the case, the recommended decision cannot be properly analogized to a decision by a Trial Judge, and Commissioner Bower's participation in the PSC's final determination is obviously not analogous to a Trial Judge reviewing his own prior decision as a member of an appeals court. Accordingly, since IEUA's due process argument is bottomed on this false analogy, it must be rejected. IEUA's reliance on *Amos Treat & Co. v Securities & Exch. Comm.* (306 F2d 260) in pressing its due process argument is misplaced. That case is factually distinguishable in that, contrary to the situation here, it was concerned with the propriety of a member of a prosecuting staff initiating an investigation and possibly even recommending the filing of charges, and then sitting on a commission which would rule on the validity of the subject charges. Likewise unpersuasive is similar reasoning in *Matter of Sengstacken v McAlevey* (39 AD2d 965), particularly since we have previously upheld the propriety of combining investigative and adjudicative functions in a single administrative body or officer (*Matter of Seven South Main St. v Seaboyer*, 57 AD2d 1031, mot for lv to app den 42 NY2d 809; see, also, *Withrow v Larkin*, 421 US 35). Lastly, contrary to IEUA's urging, we do not find *Matter of Lowcher v New York City Teachers' Retirement System* (54 NY2d 373) dispositive of the case at bar. While, at first blush, the factual situations may appear comparable, we find substantial differences between a determination by the retirement system of an individual's application for a disability retirement and a Public Service Commission determination upon a complicated rate-making question. Moreover, the holding in *Matter of Lowcher (supra)* was limited by such language as "[o]n the facts and circumstances of this case" and "on a record such as the present". Accordingly, we deem it inapplicable to situations where, as here, the statute in no way prohibits a member of the commission from acting as a hearing officer and then participating in the commission's deliberations (see *Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern, supra*). Judgment, in Action No. 1, affirmed, without costs. Judgment, in Action No. 2, affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur. [106 Misc 2d 275.]