■ In the Matter of WILLIAM PATTISON, as President of Superior Officers Association of the Police Department of the County of Nassau, New York, Inc., Petitioner, v JOHN F. COFFEY et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board dated June 4, 1981, which affirmed the findings and recommendations of the hearing officer and dismissed the petition for certification of certain higher ranking police officers in the bargaining unit of petitioner Superior Officers Association. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent board for further proceedings. A due process violation occurred in the case at bar when the Public Employment Relations Board (PERB) hearing officer, George Soos, later sat on the three-member panel which affirmed his own findings and recommendations. "That due process will not allow an administrative decision-maker to sit in review upon his own decisions is the holding of Goldberg v Kelly (397 US 254, 271)" (Matter of Lowcher v New York City Teachers' Retirement System, 54 NY2d 373, 377; see, also, Veseley v Town of New Windsor, 90 AD2d 770). Thus PERB's determination must be annulled and the matter remitted to that agency for a determination by a properly constituted board. In light of this decision, we have not passed upon the other issues raised by the parties. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.