■ WINSTON FISHER, Respondent, v VICTOR F. CONDELLO, as Chairman of the Retirement Board of the Teachers' Retirement System of the City of New York, et al., Appellants.—Order, Supreme Court, New York County (Seymour Schwartz, J.), entered March 31, 1987, which granted petitioner-respondent's motion for reargument of a prior order of said court entered November 7, 1983, which had denied and dismissed the petition to annul respondents-appellants' determination of October 21, 1982, denying petitioner's application for accident disability retirement benefits, and, upon reargument, inter alia, granted the petition to the extent of remanding the matter to respondents, unanimously modified, on the law, to vacate that portion of the order which remanded the matter to respondents, to reinstate respondents' determination, to deny and dismiss the petition, and otherwise affirmed, without costs.

Supreme Court, upon reargument, adopted the argument advanced by petitioner that remand was warranted based on the ruling in Matter of Lowcher v New York City Teachers' Retirement Sys. (54 NY2d 373 [1981]). There, the doctor chosen as the independent psychiatrist to examine the petitioner and report to the Medical Board was later appointed as the third member of the Medical Board which reviewed the petitioner's

claim for accident disability retirement benefits. The Court of Appeals found it was "improper for an impartial reviewer of an issue of fact to sit in review of his own prior determination of fact" and the court ordered the matter remanded to the Medical Board (54 NY2d, *supra,* at 377). *Matter of Lowcher* is, however, distinguishable from the case now before us. Here, Dr. Schneck was a member of the Medical Board when he conducted the examination of petitioner. Section 13-519 (c) of the Administrative Code of the City of New York provides that the medical examination of an applicant for accident disability retirement "shall be made by the medical board or by a physician or physicians designated by the medical board". In this case, Dr. Schneck was not asked to serve as an impartial reviewer of an issue on which he had already expressed an opinion as an independent medical consultant. Dr. Schneck acted at all times as a member of the review board which comprises three medical experts.

It is significant that in *Matter of Lowcher (supra)* the Court of Appeals did not find fault with the fact that two members of the Medical Board who had previously reviewed the petitioner's application again sat in review of the matter on remand. Indeed, the court noted that had the Medical Board not included a doctor who had previously acted as an independent consultant in the matter "we would be unable to find any legal defect with that determination" *(supra,* at 377). The proceeding herein did not violate due process and, therefore, remand is not warranted. Concur—Sandler, J. P., Ross, Asch, Milonas and Rosenberger, JJ.