Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs (2020 NY Slip Op 07380)





Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs


2020 NY Slip Op 07380


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-10324
 (Index No. 51473/17)

[*1]In the Matter of Edward Donnelly, petitioner,
v
State of New York Justice Center for the Protection of People with Special Needs, respondent.


O'Neil & Burke, LLP, Poughkeepsie, NY (William T. Burke of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of David Molik, Director of the Administrative Hearings Unit of the State of New York Justice Center for the Protection of People with Special Needs, dated February 22, 2017, as adopted the findings of fact and conclusions of law of an Administrative Law Judge dated January 26, 2017, made after a hearing, that the petitioner committed category one neglect and category two neglect as defined by Social Services Law § 493(4)(a) and (b), respectively, and denied the petitioner's request that the subject substantiated report of neglect dated April 30, 2015, be amended and sealed.
ADJUDGED that the petition is granted, on the law, with costs, so much of the determination dated February 22, 2017, as adopted the findings of fact and conclusions of law of the Administrative Law Judge that the petitioner committed category one neglect and category two neglect as defined by Social Services Law § 493(4)(a) and (b) is annulled, and the matter is remitted to the respondent, State of New York Justice Center for the Protection of People with Special Needs, for further proceedings consistent herewith.
The petitioner was at all relevant times an employee of the Office for People with Developmental Disabilities (hereinafter the OPWDD), and was assigned as house manager of an Individualized Residential Alternative facility certified by the OPWDD to serve adults with developmental disabilities. In December 2014, the respondent, State of New York Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center), received a report alleging that the petitioner committed neglect by, inter alia, failing to properly supervise a service recipient on December 4, 2014. Specifically, the report alleged that the petitioner was assigned to one-on-one supervision of the service recipient, who was considered a "fall risk," and that the petitioner left the service recipient unattended, during which the service recipient fell out of a chair and hit his head on a garbage can, causing him to suffer a laceration to the back of his head. The report further alleged that the petitioner failed to follow proper fall protocols when he pulled the service recipient off the ground after the fall to return the service recipient to the chair.
Following an investigation, the Justice Center issued a report dated April 30, 2015, [*2]which, inter alia, substantiated the allegations of the petitioner's actions leading up to the fall as a category one incident of neglect within the meaning of Social Services Law section 493(4)(a)(ii), and substantiated the petitioner's actions after the fall as a category two incident of neglect within the meaning of Social Services Law section 493(4)(b) (see Executive Law § 552[1]; Social Services Law §§ 488[1][a]; 493[4][a], [b]). The petitioner requested an amendment of the substantiated report, seeking to have the designations changed to unsubstantiated and the matter sealed (see Social Services Law § 494). The petitioner's request was denied and the matter was referred for a hearing before an Administrative Law Judge (hereinafter the ALJ) (see Social Services Law § 494; 14 NYCRR 700.6[a]).
The ALJ found, after a hearing, inter alia, that a preponderance of the evidence showed that the petitioner committed a category one act of neglect and a category two act of neglect (see Social Services Law §§ 493[4][a][ii]; [b]; 14 NYCRR 700.6[b]; 700.12[a]). David Molik, the Executive Director of the Justice Center, adopted the ALJ's findings and recommended decision, denied the petitioner's request to amend and seal the substantiated report, and directed that the petitioner's name be permanently placed on the Vulnerable Person's Central Register staff exclusion list (see Social Services Law § 495; 14 NYCRR 700.13[a]). The petitioner commenced this proceeding against the Justice Center pursuant to CPLR article 78 to review that determination. By order dated October 4, 2017, the Supreme Court, Dutchess County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
In this proceeding, the petitioner seeks to annul the determination of the Justice Center that the petitioner's two acts of substantiated neglect constituted category one neglect and category two neglect, respectively (see Social Services Law § 493[4][a], [b]). The petitioner contends that these category determinations were not supported by substantial evidence (see CPLR 7804[g]).
Social Services Law § 493(4) sets forth, as relevant here, three categories of reports of abuse or neglect perpetrated by a custodian, based upon the "nature and severity of the conduct" (Matter of O'Grady v Kiyonaga, 172 AD3d 1375, 1376). Category one conduct is the most serious level of abuse or neglect, and consists of "serious physical abuse, sexual abuse or other serious conduct by custodians" (Social Services Law § 493[4][a]; see e.g. Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1292). As relevant here, category one neglect is defined to include a reckless or criminally negligent failure to perform a duty that either causes or was likely to cause "physical injury that creates a substantial risk of death," "serious impairment of health or loss of impairment of the function of any bodily organ or part," or "a substantial and protracted diminution of a service recipient's psychological or intellectual functioning" (Social Services Law § 493[4][a][ii]). Category two neglect comprises conduct that is not otherwise described in category one, "in which the custodian seriously endangers the health, safety or welfare of a service recipient" (Social Services Law § 493[4][b]; see e.g. Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 174 AD3d 1007, 1007). The third category encompasses all other acts of abuse or neglect that do not rise to the level of conduct as "described in categories one [or] two" (Social Services Law § 493[4][c]; see e.g. Matter of Pierre-Louis v New York State Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 842; Matter of Stewart v Justice Ctr. for the Protection of People with Special Needs, 173 AD3d 1411, 1412; Matter of O'Grady v Kiyonaga, 172 AD3d at 1375).
Here, the Justice Center's final determination as to the categorization of the petitioner's acts of neglect was made after an evidentiary hearing, and thus, our review is limited to whether the categorization is supported by substantial evidence (see CPLR 7803[4]; Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d 1365, 1366; Matter of O'Grady v Kiyonaga, 172 AD3d at 1376). Substantial evidence for the purpose of CPLR 7803(4) consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Further, "substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor" (id. at 180; see Matter of Sandoval v Shah, 131 AD3d 1254, 1255).
Here, in support of the determination that the petitioner's neglect of his supervisory duties prior to the fall constituted category one neglect, the ALJ noted that the service recipient had suffered a fall prior to the subject fall, and opined that "suffering two head injuries, both of which required staples to close the wounds, so close together in time, constituted a substantial risk of serious impairment of health of the Service Recipient." The ALJ also stated that due to the head laceration from the subject fall, the service recipient was required to undergo a CT-scan, which was "likely . . . a traumatic experience." In support of the determination that the petitioner's act of neglect in moving the service recipient after his fall constituted category two neglect, the ALJ again took note of the service recipient's recent prior fall, and opined that "[a]s a result, this fall could have compounded the previous injury and increased the risk of concussion, or other complications."
We agree with the petitioner that the determination that his conduct prior to the fall constituted category one neglect was not supported by substantial evidence. Although there was support in the record for the ALJ's finding that the service recipient had recently suffered a head injury prior to the subject incident, there was no medical evidence in the record to support the ALJ's speculative assessment that suffering two head injuries close in time created a substantial risk of "serious impairment of health" (Social Services Law § 493[4][a][ii]; see Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d at 1370). Likewise, the record contains no evidence to support the ALJ's speculation that the service recipient "likely" underwent a "traumatic experience" due to the need for a CT-scan under sedation, let alone that such experience resulted in "a substantial and protracted diminution of a service recipient's psychological or intellectual functioning" (Social Services Law § 493[4][a][ii]).
We also agree with the petitioner that the determination that his conduct after the fall constituted category two neglect was not supported by substantial evidence. While the record reflects that the petitioner departed from proper protocol by attempting to move the service recipient after the fall, the record contains no medical evidence to support the ALJ's speculation that such conduct "seriously endanger[ed] the health, safety or welfare" of the service recipient because the fall "could have compounded the previous injury and increased the risk of concussion, or other complications" (emphasis added; see Social Services Law § 493[4][b]; Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d at 1370).
Accordingly, we grant the petition, annul so much of the determination as adopted the findings of fact and conclusions of law of the ALJ that the petitioner committed category one neglect and category two neglect as defined by Social Services Law § 493(4)(a) and (b), respectively, and remit the matter to the Justice Center to recategorize the substantiated reports of neglect (see Matter of Preece v New York State Justice Ctr. for the Protection of People with Special Needs, 176 AD3d at 1370), "based exclusively on the record of the hearing" (14 NYCRR 700.12[b]).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court