Matter of Kennedy v State of New York Justice Ctr. for the Protection of People with Special Needs (2022 NY Slip Op 02264)

Matter of Kennedy v State of New York Justice Ctr. for the Protection of People with Special Needs

2022 NY Slip Op 02264

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-08736
 (Index No. 509009/19)

[*1]In the Matter of George Kennedy, petitioner,
v
State of New York Justice Center for the Protection of People with Special Needs, respondent.

Voute, Lohrfink, Margo & McAndrew, LLP, White Plains, NY (Jonathan Weinstein of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Joshua M. Parker of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit of the State of New York Justice Center for the Protection of People with Special Needs, dated January 4, 2019. The determination adopted the findings of fact and conclusions of law of an Administrative Law Judge dated December 26, 2018, made after a hearing, that the petitioner committed category three neglect as defined by Social Services Law § 493(4)(c), and denied the petitioner's request that the subject substantiated report of neglect dated November 21, 2017, be amended and sealed.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In a report of substantiated finding dated November 21, 2017, the State of New York Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center) advised the petitioner that an allegation that he engaged in conduct that constituted category three neglect had been substantiated. The allegation was that, on September 3, 2017, at Jacobi Medical Center, the petitioner, while a custodian, committed neglect when he failed to provide proper supervision to a service recipient during which time that service recipient engaged in inappropriate contact with another service recipient.
The petitioner exercised his right to a hearing before an Administrative Law Judge (see Social Services Law § 494). After the hearing, the Administrative Law Judge (hereinafter ALJ) found that the Justice Center proved, by a preponderance of the evidence, that the petitioner committed an act of category three neglect (see id. § 493[3][a][i]; [4][c]). In a final determination and order after hearing, dated January 4, 2019, the ALJ's recommended decision was adopted in its entirety and the petitioner's request to amend and seal the substantiated report was denied by Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit, who was designated by the Executive Director of the Justice Center to make such decisions. The petitioner commenced this proceeding against the Justice Center pursuant to CPLR article 78 to review that determination. By order dated July 19, 2019, the Supreme Court, Kings County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
This Court's review of the determination of the Justice Center that the report of category three neglect was substantiated is limited to whether that determination is supported by [*2]substantial evidence (see id. § 7803[4]; Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs, 189 AD3d 1039, 1042; Matter of O'Grady v Kiyonaga, 172 AD3d 1375, 1376). "Substantial evidence for the purpose of CPLR 7803(4) consists of 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs, 189 AD3d at 1042, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Substantial evidence is a minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046). However, "substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor" (Matter of Sandoval v Shah, 131 AD3d 1254, 1255).
In this case, the determination of the Justice Center that the petitioner committed category three neglect is supported by substantial evidence. The hearing evidence, and in particular the videotape footage introduced at the hearing, established that the petitioner breached his duty to keep the service recipient on one-to-one observation, level two, requiring that he be within 10 feet of her at all times, and that his breach of that duty was likely to result in physical injury or serious or protracted impairment of the physical, mental, or emotional condition of the service recipient.
Moreover, as correctly argued by the Justice Center, the requirement that the substantiated category three neglect finding be maintained in the Vulnerable Persons' Central Register for a period of five years is a statutory mandate, and is not subject to review as a penalty (see Social Services Law §§ 492; 493[4][c]).
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court