Matter of Anderson Ctr. for Autism, Inc. v New York State Justice Ctr. for the Protection of People with Special Needs (2024 NY Slip Op 02534)

Matter of Anderson Ctr. for Autism, Inc. v New York State Justice Ctr. for the Protection of People with Special Needs

2024 NY Slip Op 02534

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-08980
 (Index No. 50534/20)

[*1]In the Matter of Anderson Center for Autism, Inc., petitioner, 
v
New York State Justice Center for the Protection of People with Special Needs, et al., respondents.

Barclay Damon, LLP, Albany, NY (Robert A. Hussar and Colm P. Ryan of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Eric Del Pozo of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit of the State of New York Justice Center for the Protection of People with Special Needs, dated October 10, 2019. The determination adopted the findings of fact and conclusions of law of an Administrative Law Judge dated September 27, 2019, made after a hearing, that the petitioner committed category four neglect as defined by Social Services Law §§ 488 and 493(3)(b) and (4)(d) and denied the petitioner's request that a substantiated report of neglect dated April 1, 2016, be amended and sealed.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In a substantiated report of neglect dated April 1, 2016, the State of New York Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center) advised the petitioner, the Anderson Center for Autism, Inc. (hereinafter the Anderson Center), a residential school for children with autism, that certain allegations of conduct by its staff that constituted category four neglect had been substantiated. The allegations were that between June 19, 2015, and June 23, 2015, the Anderson Center, while a custodian, committed neglect when, inter alia, due to a failure to adequately train its staff on applicable policies, its staff failed to adequately record a calorie count, as requested by a dietician, for a service recipient and failed to notify a nurse when that service recipient refused meals. The report stated that these failures exposed the service recipient to harm or the risk of harm and that individual staff culpability was mitigated by systemic problems.
The Anderson Center exercised its right to a hearing before an Administrative Law Judge. After the hearing, the Administrative Law Judge found that the Justice Center proved by a preponderance of the evidence that the Anderson Center committed acts of category four neglect (see Social Services Law § 493[3][a][i]; [4][d]). In a final determination and order after hearing dated October 10, 2019, the Administrative Law Judge's recommended decision was adopted in its entirety. The Anderson Center commenced this proceeding against the Justice Center pursuant to [*2]CPLR article 78 to review that determination. By order dated June 4, 2020, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
This Court's review of the determination of the Justice Center that the report of category four neglect was substantiated is limited to whether that determination is supported by substantial evidence (see id. § 7803[4]; Matter of Kennedy v State of New York Justice Ctr. for the Protection of People with Special Needs, 204 AD3d 670, 671; Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs, 189 AD3d 1039, 1042). "Substantial evidence for the purpose of CPLR 7803(4) consists of 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs, 189 AD3d at 1042, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Substantial evidence is a minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). However, "substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor" (Matter of Sandoval v Shah, 131 AD3d 1254, 1255).
As relevant here, "[n]eglect" means "any action, inaction or lack of attention that breaches a custodian's duty and that results in or is likely to result in physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient" (Social Services Law § 488[1][h]), and includes the "failure to provide adequate food" (id. § 488[1][h][ii]). A substantiated report of neglect shall be categorized as category four neglect when "a facility or provider agency . . . expose[s] service recipients to harm or risk of harm where staff culpability is mitigated by systemic problems such as inadequate management, staffing, training or supervision" (id. § 493[4][d]; see § 493[3][b]).
In this case, the determination of the Justice Center that the Anderson Center committed category four neglect is supported by substantial evidence. The hearing evidence established that, despite the Anderson Center having a policy that a nurse was to be informed upon a service recipient's refusal of a meal, the staff failed to notify a nurse when the service recipient refused several meals during the relevant time period. There was substantial evidence that this failure was the result of the Anderson Center's failure to adequately train staff regarding the meal refusal policy. Further, despite the dietician's request that a calorie count tracking the service recipient's food intake be commenced on June 19, 2015, the staff did not implement the calorie count until June 21, 2015. There was substantial evidence that the failure to timely commence the calorie count tracking was the result of the Anderson Center's lack of a policy indicating who assumed responsibility for notifying staff of care directives when the residence manager and shift supervisor were both on vacation or out of the office, and the Anderson Center's failure to have a policy pursuant to which employees were required to have automated "out-of-office" replies to incoming emails when not in the office. There was substantial evidence that, as a result of the foregoing, the service recipient and other service recipients were exposed to "harm or risk of harm" caused by "systemic problems such as inadequate management, staffing, training or supervision" (Social Services Law § 493[4][d]; see § 493[3][b]).
The Anderson Center's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court