Matter of Doe v New York State Justice Ctr. for the Protection of People with Special Needs (2025 NY Slip Op 03325)

Matter of Doe v New York State Justice Ctr. for the Protection of People with Special Needs

2025 NY Slip Op 03325

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-05746
 (Index No. 1121/19)

[*1]In the Matter of John Doe, petitioner, 
v
New York State Justice Center for the Protection of People with Special Needs, et al., respondents.

Epstein Becker & Green, P.C., New York, NY (James S. Frank, John Houston Pope, and Jennifer M. Horowitz of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Grace X. Zhou of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of Elizabeth M. Devane, Administrative Law Judge of the Administrative Hearings Unit of the State of New York Justice Center for the Protection of People with Special Needs, dated May 1, 2019, as adopted the findings of fact and conclusions of law of the same Administrative Law Judge dated April 11, 2019, made after a hearing, that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b) and denied the petitioner's request that so much of a substantiated report of abuse dated September 26, 2017, as alleged that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b) be amended and sealed.
ADJUDGED that the petition is granted, on the law, with costs, so much of the determination as adopted the findings of fact and conclusions of law of the Administrative Law Judge that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b) and denied the petitioner's request that so much of the substantiated report of abuse dated September 26, 2017, as alleged that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b) be amended and sealed is annulled, the petitioner's request that so much of the substantiated report of abuse dated September 26, 2017, as alleged that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b) be amended and sealed is granted, and the State of New York Justice Center for the Protection of People with Special Needs is directed to amend and seal that portion of the substantiated report of abuse dated September 26, 2017.
The petitioner was a security supervisor employed by Montefiore Nyack Hospital (hereinafter the Hospital). The Hospital had a behavioral health unit that was licensed by the New York State Office of Mental Health, which is subject to the jurisdiction of the State of New York Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center). In May 2017, the Justice Center received a report alleging that on or about January 16, 2017, the petitioner committed, inter alia, physical abuse by conducting an unwarranted restraint with excessive force and improper technique, which caused injury to a service recipient's face. Following an investigation, the Justice Center issued a report dated September 26, 2017, among other things, [*2]substantiating the allegation that the petitioner committed category two physical abuse as defined by Social Services Law § 493(4)(b). The petitioner requested, inter alia, that the substantiated report be amended to provide that the allegation of category two physical abuse is unsubstantiated (see id. § 494). The petitioner's request was denied, and the matter was referred for a hearing before an administrative law judge (hereinafter the ALJ) (see id.; 14 NYCRR 700.6[a]).
After the hearing, the ALJ found, among other things, that the Justice Center established, by a preponderance of the evidence, that the petitioner committed category two physical abuse, defined as "conduct in which the custodian seriously endangers the health, safety or welfare of a service recipient by committing an act of abuse or neglect" (Social Services Law § 493[4][b]; see 14 NYCRR 700.12[a]). Thereafter, the Executive Director of the Justice Center purportedly reviewed and adopted the recommended decision of the ALJ and designated the ALJ to make a final determination (see 14 NYCRR 700.13[a]). In a determination dated May 1, 2019, the ALJ, inter alia, adopted her own findings of fact and conclusions of law that the petitioner committed category two physical abuse and denied the petitioner's request that so much of the substantiated report as alleged that he committed category two physical abuse be amended and sealed. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review that portion of the determination, contending that it was not supported by substantial evidence and his due process rights were violated. In an order dated May 4, 2020, the Supreme Court agreed that the ALJ was an improper designee but, in the interest of judicial economy, declined to remit the matter to the Executive Director and transferred the proceeding to this Court pursuant to CPLR 7804(g).
At an administrative hearing to determine whether a report of abuse is substantiated, the Justice Center is required to establish, by a preponderance of the evidence, that the subject of the report committed abuse (see Matter of Anonymous v Molik, 32 NY3d 30, 34). "Upon review of such an administrative determination made after an evidentiary hearing, the determination of the Justice Center must be upheld if supported by substantial evidence" (Matter of Enigbonjaye v NYS Justice Ctr. for People with Special Needs, 224 AD3d 752, 753; see CPLR 7803[4]). "Substantial evidence for the purpose of CPLR 7803(4) consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Donnelly v State of N.Y. Justice Ctr. for the Protection of People with Special Needs, 189 AD3d 1039, 1042 [internal quotation marks omitted]).
Under Social Services Law § 488(1)(a), "physical abuse" is defined as "conduct by a custodian intentionally or recklessly causing, by physical contact, physical injury or serious or protracted impairment of the physical, mental or emotional condition of a service recipient or causing the likelihood of such injury or impairment. Such conduct may include but shall not be limited to: slapping, hitting, kicking, biting, choking, smothering, shoving, dragging, throwing, punching, shaking, burning, cutting or the use of corporal punishment. Physical abuse shall not include reasonable emergency interventions necessary to protect the safety of any person."
Here, prior to the incident at issue, the petitioner, in his capacity as a security supervisor for the emergency department of the Hospital, responded, together with additional security personnel, to a request to assist in administering medication to the service recipient, who was exhibiting aggressive and violent behaviors, by restraining the service recipient. Following the administration of the medication, the service recipient again became agitated and had to be restrained by security personnel. Thereafter, as the service recipient attempted to get up, the petitioner pushed the service recipient back down by placing his hand on the service recipient's face. Security personnel then restrained the service recipient a third time, during which he thrashed around and hit his head on the floor. The following day, the service recipient was medically examined and found to have swelling on the right side of his face and a scratch on the bridge of his nose.
Although there was support in the record for concluding that the petitioner pushed the service recipient, the record did not support a conclusion that the petitioner acted recklessly in doing so. Contrary to the ALJ's conclusion, the petitioner's actions were reasonable emergency interventions necessary to protect the safety of himself and the service recipient, who repeatedly and violently struggled against security personnel and lunged at the petitioner. Moreover, while [*3]causation of actual physical injury is not necessary for a finding of physical abuse, the ALJ's own conclusion that there was no evidence that the petitioner caused any injuries to the service recipient further indicated that the petitioner's actions were not reckless.
Additionally, this Court also cannot ignore that the determination was issued in violation of due process requirements. The ALJ conducted a hearing and on April 11, 2019, issued a report with a recommended decision, which was required to be referred to the Executive Director for review and a final determination by her or her designee (see 14 NYCRR 700.13[a]). However, the record indicates that the same ALJ issued a final determination on May 1, 2019, adopting her own recommendation. There is no support in the record for the conclusion that the Executive Director reviewed the matter or referred it to the ALJ as the Executive Director's designee. Instead, the Executive Director submitted in this proceeding a self-serving affirmation lacking any reference to documentation of what, if anything, occurred between the date of the recommended decision and the final determination. Even if the Executive Director had submitted documentation that she had designated the ALJ as her designee, "due process will not allow an administrative decision-maker to sit in review upon his [or her] own decisions" (Matter of Lowcher v New York City Teachers' Retirement Sys., 54 NY2d 373, 377; see Matter of Pattison v Coffey, 91 AD2d 613).
Accordingly, we grant the petition, annul so much of the determination as adopted the findings of fact and conclusions of law of the ALJ that the petitioner committed category two physical abuse and denied the petitioner's request that so much of the substantiated report as alleged that the petitioner committed category two physical abuse be amended and sealed, grant that request, and direct the Justice Center to amend and seal that portion of the substantiated report.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court